Filed 5/21/25  P. v. Villaneda CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>GONZALO VILLANEDA,<br><br>     Defendant and Appellant. | A172057<br><br>(Marin County<br>Super. Ct. No. SC212658A) |

**MEMORANDUM OPINION**[1]

Gonzalo Villaneda appeals from a judgment entered after he pled guilty — pursuant to a plea bargain — to misdemeanor second degree burglary.  (Pen. Code, §§ 459, 460, subd. (b); undesignated statutory references are to this code.)  His appointed counsel filed a brief asking this court to review the record to determine whether there are arguable issues. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding none, we affirm.

On or around January 21, 2020, an individual purchased electronics from a Video Only store in San Rafael using a check with the name "Filiberto Ramirez."  Several days later, the bank returned the check.  On January 30, Villaneda attempted to use a $1,315 check to make a purchase at a Video

---

[1] We resolve this case by memorandum opinion.  (Cal. Stds. Jud. Admin., § 8.1.)

1

Only store in Mountain View.  A store employee identified Villaneda, noting he attempted to purchase goods with a check bearing the name of "Filiberto Ramirez Mendoza" the day before.  Officers responded to a call from this store and searched Villaneda's car, revealing a sales receipt from the Video Only store in San Rafael.

The Marin County District Attorney charged Villaneda with felony grand theft by false pretenses and second degree burglary, and alleged several aggravating facts and seven prior convictions that precluded him from probation.  (§§ 487, subd. (a), 459, 460, subd. (b), 1203, subd. (e)(4).)  On October 28, 2024, Villaneda moved to dismiss the complaint on the grounds that the prosecution suppressed exculpatory evidence — that Filiberto Ramirez Mendoza made purchases with fraudulent checks at a furniture store and irrigation store in San Rafael, and that he rented a U-Haul van a few hours before the alleged purchases at the Video Only store in San Rafael. The same day — and before the trial court could rule on Villaneda's motion — the prosecution amended the complaint to reduce the burglary count to a misdemeanor.  The court approved, Villaneda entered a guilty plea to that count, and the prosecution dismissed the remaining charges.  The court sentenced him to 144 days in jail, with 144 total days credits for time served.

As Villaneda's counsel acknowledges, the notice of appeal is not accompanied by a certificate of probable cause.  Without that, an appeal following a guilty plea may only raise issues arising after the entry of the plea and that do not affect the plea's validity.  (*People v. Buttram* (2003) 30 Cal.4th 773, 780, 776.)  Appointed counsel filed a *Wende* brief and notified Villaneda he had a right to file a supplemental brief within 30 days.  No supplemental brief was received.  We have independently reviewed the record pursuant to *Wende* to determine the existence of any arguable factual or legal

2

issues arising after entry of the plea and that do not affect the plea's validity, but we have found none.

The judgment is affirmed.

_____
RODRÍGUEZ, J.

WE CONCUR:


_____
TUCHER, P. J.


_____
FUJISAKI, J.

A172057; *P. v. Villaneda*

4